_____ FILED        _____ ENTERED
_____ LODGED      _____ RECEIVED

**JAN 15 2016**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Magistrate Judge Brian A. Tsuchida

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN M. LOVE,<br><br>Defendant. | NO.  CR16-0005 BAT<br><br>**PLEA AGREEMENT**<br><br>**(Misdemeanor)** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Matthew Diggs, Assistant United States Attorney for said District, and JONATHAN M. LOVE and his attorney, Robert Chadwell, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1.        **The Charge**.  Defendant shall enter a guilty plea to a single-count misdemeanor Information, which charges Deprivation of Rights Under Color of Law, in violation of Title 18, United States Code, Section 242.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document.  Defendant further understands that before entering his guilty

1   plea, he will be placed under oath.  Any statement given by Defendant under oath may be

2   used by the United States in a prosecution for perjury or false statement.

3       2.      **Elements of the Offense**.  The elements of Deprivation of Rights Under

4   Color of Law, as charged in Count One, in violation of Title 18, United States Code,

5   Section 242, are as follows:

6           First, the defendant acted under color of law;

7           Second, the defendant deprived an individual of a right guaranteed under

8           the Constitution or laws of the United States;

9           Third, the defendant acted willfully.

10      3.      **The Penalties**.  Defendant understands that the statutory penalties

11  applicable to the offense to which he is pleading guilty are as follows:  A maximum term

12  of imprisonment of up to one year, a fine of up to one hundred thousand dollars

13  ($100,000.00), a period of supervision following release from prison of up to one year,

14  and a mandatory special assessment of twenty-five dollars ($25.00).  If a probationary

15  sentence is imposed, the probation period can be for up to five (5) years.  Defendant

16  agrees that the special assessment shall be paid at or before the time of sentencing.

17      Defendant understands that supervised release is a period of time following

18  imprisonment during which he will be subject to certain restrictive conditions and

19  requirements.  Defendant further understands that if supervised release is imposed and he

20  violates one or more of the conditions or requirements, Defendant could be returned to

21  prison for all or part of the term of supervised release that was originally imposed.  This

22  could result in Defendant's serving a total term of imprisonment greater than the statutory

23  maximum stated above.

24      Defendant understands that as a part of any sentence, in addition to any term of

25  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

26  restitution to any victim of the offense, as required by law.

27      4.      **Rights Waived by Pleading Guilty**.  Defendant understands that by

28  pleading guilty, he knowingly and voluntarily waives the following rights:

Plea Agreement/ - 2
United States v. Jonathan Love

1      a.     The right to plead not guilty and to persist in a plea of not guilty;

2      b.     The right to a speedy and public trial before a jury of his peers;

3      c.     The right to the effective assistance of counsel at trial, including, if

4      Defendant could not afford an attorney, the right to have the Court

5      appoint one for him;

6      d.     The right to be presumed innocent until guilt has been established

7      beyond a reasonable doubt at trial;

8      e.     The right to confront and cross-examine witnesses against Defendant

9      at trial;

10      f.     The right to compel or subpoena witnesses to appear on his behalf at

11      trial;

12      g.     The right to testify or to remain silent at trial, at which trial such

13      silence could not be used against Defendant; and

14      h.     The right to appeal a finding of guilt or any pretrial rulings.

15      5.    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

16 guaranteed what sentence the Court will impose, except as set forth in paragraph 10

17 below (Sentencing).

18      6.    **Statement of Facts**.  The parties agree on the following facts.  Defendant

19 admits he is guilty of the charged offense:

20      **Background**

21      a.     At all times relevant to this statement of facts, JONATHAN M.

22 LOVE was an Assistant Chief Counsel (ACC) for Department of Homeland Security

23 (DHS), Immigration and Customs Enforcement (ICE).

24      b.     JONATHAN M. LOVE knew that aliens held certain Due Process

25 Rights under the Fifth Amendment of the United States Constitution during Immigration

26 Removal Proceedings, including but not limited to, the right to a full and fair hearing free

27 from false or fabricated evidence knowingly presented against the alien by a government

28 attorney.

Plea Agreement/ - 3
United States v. Jonathan Love

1                       **Immigration Removal Proceeding of I.L.**

2            c.       I.L. was a Mexican citizen living in the United States. On or about

3 June 25, 2008, I.L. encountered an ICE Deportation Officer, who believed I.L. was not

4 legally present in the United States. On or about July 3, 2008, ICE initiated immigration

5 removal proceedings against I.L.

6            d.       On or about July 3, 2008, the ICE Deportation Officer executed a

7 Form I-826 documenting his encounter with I.L. A Form I-826 is a DHS form entitled

8 "Notice of Rights and Request for Disposition." The Form I-826 gave notice to an alien

9 arrested in the United States and believed to be unlawfully present in the United States

10 that he or she had the right to appear in Immigration Court to determine whether he or

11 she could remain in the United States. The Form I-826 included a Request for

12 Disposition, in which an alien could either request a hearing before the Immigration

13 Court or give up the right to a hearing and return expeditiously to his or her home

14 country, also known as an "administrative voluntary departure."

15            e.       I.L. was then placed in removal proceedings at the Northwest

16 Detention Center in Tacoma, Washington. I.L. posted bond on July 17, 2008, at which

17 time he was released from immigration detention and his removal proceeding was

18 transferred to the Seattle Immigration Court.

19            f.       JONATHAN M. LOVE was the ACC responsible for the

20 immigration removal proceeding of I.L.

21            g.       At an immigration removal master calendar hearing on May 6, 2009,

22 I.L. indicated he would apply for cancellation of removal and adjustment of status for

23 non-permanent residents under 8 U.S.C. § 1229b(b).

24            h.       Cancellation of removal is a form of immigration relief that may be

25 available in an immigration removal proceeding whereby an alien submits an application

26 that allows an Immigration Judge to cancel the removal proceedings of that person and

27 adjust that individual's status to that of a lawful permanent resident. There are certain

28 statutory requirements for cancellation of removal of a non-permanent resident, to

1  include ten years of continuous physical presence in the United States preceding the

2  application for cancellation of removal.  *See* 8 U.S.C. § 1229b(b)(1)(A).

3          i.     In 2009, under controlling Ninth Circuit Law, when an alien had

4  accepted administrative voluntary departure instead of exercising his or her rights to

5  appear before an Immigration Judge in removal proceedings – as evidenced by affirming

6  this disposition on a signed Form I-826 – this action broke whatever continuous physical

7  presence an alien might have by then accrued for purposes of cancellation of removal.

8                      **May 2009 Proceedings in Immigration Court**

9          j.     At the master calendar hearing in the Seattle Immigration Court on

10  May 6, 2009, I.L. indicated he would apply for cancellation of removal and adjustment of

11  status to permanent resident under 8 U.S.C. § 1229b(b).  At that same hearing,

12  JONATHAN M. LOVE stated that I.L's A-file contained "documented voluntary returns

13  in 2000 . . . with regard to [I.L.] being given the opportunity to appear before an

14  Immigration Judge."   JONATHAN M. LOVE further stated that I.L. had "signed an

15  I-826."  JONATHAN M. LOVE stated he would provide the Immigration Judge with the

16  documents he had referenced within a week.

17          k.     At an exact date unknown, but between July 3, 2008 and May 11,

18  2009, JONATHAN M. LOVE altered the Form I-826 executed by I.L. on or about July 3,

19  2008, changing the signature date of the Form I-826 to January 13, 2000, and making

20  other material and fraudulent alterations to the Form I-826.  There is no evidence that any

21  ICE employee other than JONATHAN M. LOVE was involved in or knew about the

22  alteration of the Form I-826.

23          l.     On May 11, 2009, JONATHAN M. LOVE submitted to the

24  Immigration Court in I.L.'s removal proceeding a filing entitled DHS Notice of Evidence

25  and Motion to Pretermit.   This filing included the fraudulent and forged Form I-826,

26  purportedly signed by I.L. on January 13, 2000.

27

28

Plea Agreement/ - 5
United States v. Jonathan Love

1          m.     JONATHAN M. LOVE argued in the DHS Notice of Evidence and

2 Motion to Pretermit that the signed Form I-826 broke the statutory requirement of ten

3 years of continuous physical presence.

4          n.     On January 5, 2010, the Immigration Judge denied I.L.'s application

5 for cancellation of removal.  The Immigration Judge relied on the fraudulent Form I-826

6 to find that I.L. could not establish ten years of continuous physical presence, and thus

7 was statutorily ineligible for cancellation of removal, and the Immigration Judge ordered

8 I.L.'s voluntary departure from the United States.

9 **Proceedings before the Board of Immigration Appeals (BIA)**

10          o.     On or about April 5, 2010, I.L. appealed the Immigration Judge's

11 order to the Board of Immigration Appeals.

12          p.     On or about May 27, 2010, JONATHAN M. LOVE filed the

13 Government's Brief on behalf of DHS with the BIA, in which he wrote:

14      On 1-13-2000, the respondent [I.L.] executed the Form I-826, which was
provided to the Court in Spanish and English.  The respondent signed the

15      Spanish version.  This signature on the form constituted a voluntary

16      administrative return and effectively broke his continuous physical
presence in this country under 9th Circuit case law.

17

18          q.     On November 15, 2011, the BIA upheld the Immigration Judge's

19 order.  In its order, the BIA relied on the fact the Immigration Court record contained a

20 Form I-826, signed by I.L., which established a break in I.L.'s continuous physical

21 presence in the United States, thereby disqualifying him from cancellation of removal.

22 **Other Facts Relevant to Plea Agreement**

23          r.     The fraudulent I-826 came to the attention of law enforcement

24 authorities on or about February 13, 2014 when I.L. filed an administrative claim under

25 the Federal Torts Claims Act.

26          s.     The government's criminal investigation sought to uncover

27 examples from other immigration removal proceedings wherein JONATHAN M. LOVE

28

Plea Agreement/ - 6
United States v. Jonathan Love

1 | knowingly created or relied on fraudulent documents.  No other instances were

2 | discovered.

3 |        t.      Forensic examination of the forged Form I-826 filed in I.L's

4 | immigration removal proceeding did not conclusively determine that the Form I-826 had

5 | been created by JONATHAN M. LOVE.

6 |        u.      According to DHS records, the A-File which contained the Form

7 | I-826 executed by I.L. on or about July 3, 2008 was handled by approximately fifteen

8 | (15) DHS employees between July 3, 2008 and May 11, 2009.

9 |        v.      The government's investigation did not identify any witness or

10 | documentation that provided direct evidence that JONATHAN M. LOVE altered the

11 | Form I-826.

12 |        7.     **United States Sentencing Guidelines**.  Defendant understands and

13 | acknowledges that the Court must consider the sentencing range calculated under the

14 | United States Sentencing Guidelines and possible departures under the Sentencing

15 | Guidelines together with the other factors set forth in Title 18, United States Code,

16 | Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

17 | history and characteristics of the defendant; (3) the need for the sentence to reflect the

18 | seriousness of the offense, to promote respect for the law, and to provide just punishment

19 | for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

20 | conduct; (5) the need for the sentence to protect the public from further crimes of the

21 | defendant; (6) the need to provide the defendant with educational and vocational training,

22 | medical care, or other correctional treatment in the most effective manner; (7) the kinds

23 | of sentences available; (8) the need to provide restitution to victims; and (9) the need to

24 | avoid unwarranted sentence disparity among defendants involved in similar conduct who

25 | have similar records.  Accordingly, Defendant understands and acknowledges that:

26 |        a.      The Court will determine Defendant's applicable Sentencing

27 | Guidelines range at the time of sentencing;

28 |

Plea Agreement/ - 7
United States v. Jonathan Love

1        b.     The Court is not bound by any recommendation regarding the

2    sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

3    range offered by the parties or the United States Probation Department, or by any

4    stipulations or agreements between the parties in this Plea Agreement, except as set forth

5    in paragraph 10 (Sentencing); and

6        c.     Except as provided in paragraph 10 below, Sentencing, Defendant

7    may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8       8.    **Sentencing Factors**.  The parties agree that the following Sentencing

9    Guidelines provisions apply to this case:

10        a.     A base offense level of six (6), pursuant to USSG § 2H1.1(a)(4);

11        b.     A six-level increase pursuant to USSG § 2H1.1(b)(1);

12        c.     A two-level downward adjustment for acceptance of responsibility,

13            pursuant to USSG § 3E1.1(a), as described in Paragraph 9.

14    The parties agree they are free to present arguments regarding the applicability of

15    all other provisions of the United States Sentencing Guidelines.  Defendant understands,

16    however, that at the time of sentencing, the Court is free to reject these stipulated

17    adjustments, and is further free to apply additional downward or upward adjustments in

18    determining Defendant's Sentencing Guidelines range.

19       9.    **Acceptance of Responsibility.**  At sentencing, *if* the district court

20    concludes Defendant qualifies for a downward adjustment for acceptance of

21    responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or

22    greater, the United States will make the motion necessary to permit the district court to

23    decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b),

24    because Defendant has assisted the United States by timely notifying the United States of

25    his intention to plead guilty, thereby permitting the United States to avoid preparing for

26    trial and permitting the Court to allocate its resources efficiently.  If the offense level is

27    less than 16, the defendant will be entitled to a two-level reduction.

28

Plea Agreement/ - 8
United States v. Jonathan Love

10.     **Sentencing**.  Based on the 18 U.S.C. § 3553(a) factors and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties acknowledge and agree that the appropriate sentence of imprisonment to be imposed by the Court at the time of sentencing should be within the range of zero (0) to ninety (90) days of custody.  The parties further jointly agree to recommend a sentence of thirty (30) days custody to be followed by one year of supervised release, with 100 hours of community service to be imposed as a condition of defendant's supervised release.  If the sentencing court rejects the agreement of the parties and seeks to impose a sentence outside of the agreed upon sentencing range, both the defendant and the United States reserve the right to withdraw from this agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and to proceed to trial.  Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.  Except as specified above, Defendant understands that he cannot withdraw his guilty plea simply because of the sentence imposed by the Court. The government further agrees not to oppose the Defendant's request for custodial placement within the Bureau of Prisons.

11.     **Restitution.**  Defendant agrees to make restitution as required by law.  The government agrees to seek no more than $12,000.00 in restitution, to be paid to I.L., for legal fees incurred in relation to the immigration removal hearing during the period between May 6, 2009, and April 20, 2012.

12.     **Agreement Regarding Bar Memberships.**   As part of this agreement, Defendant agrees to resign membership in any state bar association of which he holds membership no later than the date of sentencing.  Defendant further agrees not to seek reinstatement of any bar license or to apply for any bar license in any other state for ten (10) years from the date of this Plea Agreement.

13.     **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out

Plea Agreement/ - 9
United States v. Jonathan Love

1 | of the conduct giving rise to this investigation, *with the exception that* if the defendant

2 | breaches paragraph 12 of the Plea Agreement he may be prosecuted for any crimes to

3 | which he has not pled guilty arising from this investigation.  In this regard, Defendant

4 | recognizes the United States has agreed not to prosecute all of the criminal charges the

5 | evidence establishes were committed by Defendant solely because of the promises made

6 | by Defendant in this Agreement.  Defendant agrees, however, that for purposes of

7 | preparing the Presentence Report, the United States Attorney's Office will provide the

8 | United States Probation Office with evidence of all conduct committed by Defendant.

9 |      14.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if

10 | Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

11 | Agreement and Defendant may be prosecuted for all offenses for which the United States

12 | has evidence.  Defendant agrees not to oppose any steps taken by the United States to

13 | nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

14 | Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

15 | Defendant has waived any objection to the filing any additional charges that had not been

16 | prosecuted.

17 |      Defendant further understands that if, after the date of this Agreement, Defendant

18 | should engage in illegal conduct, or conduct that violates any conditions of release

19 | (examples of which include, but are not limited to, obstruction of justice, failure to appear

20 | for a court proceeding, criminal conduct while pending sentencing, and false statements

21 | to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the

22 | United States is free under this Agreement to file additional charges against Defendant or

23 | to seek a sentence that takes such conduct into consideration by requesting the Court to

24 | apply additional adjustments or enhancements in its Sentencing Guidelines calculations

25 | in order to increase the applicable advisory Guidelines range, and/or by seeking an

26 | upward departure or variance from the calculated advisory Guidelines range.  Under

27 | these circumstances, the United States is free to seek such adjustments, enhancements,

28 |

Plea Agreement/ - 10
United States v. Jonathan Love

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  departures, and/or variances even if otherwise precluded by the terms of the plea

2  agreement.

3        15.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

4  Defendant acknowledges that by entering the guilty plea required by this Plea

5  Agreement, Defendant waives all rights to appeal from his conviction and any pretrial

6  rulings of the court.  Defendant further agrees that, provided the court imposes a custodial

7  sentence that is within or below the Sentencing Guidelines range as determined by the

8  court at the time of sentencing, Defendant waives to the full extent of the law:

9        a.    Any right conferred by Title 18, United States Code, Section 3742,

10  to challenge, on direct appeal, the sentence imposed by the court, including any fine,

11  restitution order, probation or supervised release conditions, or forfeiture order (if

12  applicable); and

13        b.    Any right to bring a collateral attack against the conviction and

14  sentence, including any restitution order imposed, except as it may relate to the

15  effectiveness of legal representation; and

16        This waiver does not preclude Defendant from bringing an appropriate motion

17  pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the

18  decisions of the Bureau of Prisons regarding the execution of his sentence.

19        If Defendant breaches this Plea Agreement at any time by appealing or collaterally

20  attacking (except as to effectiveness of legal representation) the conviction or sentence in

21  any way, the United States may prosecute Defendant for any counts, including those with

22  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

23  Agreement.

24        16.    **Voluntariness of Plea.**  Defendant agrees that he has entered into this Plea

25  Agreement freely and voluntarily and that no threats or promises, other than the promises

26  contained in this Plea Agreement, were made to induce Defendant to enter his plea of

27  guilty.

28

Plea Agreement/ - 11
United States v. Jonathan Love

17.   **Statute of Limitations**.  In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations for any crimes related to the criminal conduct described in this Plea Agreement shall be deemed to have been tolled from the date of entry of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office. As described in paragraph 13 of this Plea Agreement, the statute of limitations for certain crimes not charged in this matter shall be tolled by separate agreement, only for the purpose of enforcing paragraph 12 of the Plea Agreement prohibiting the defendant from applying for a bar license for ten years from the date of entry of this Plea Agreement.

18.   **Completeness of Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 15ᵀᴴ day of January , 2016.

_____
JONATHAN M. LOVE
Defendant

_____
ROBERT G. CHADWELL
Attorney for Defendant

_____
MATTHEW D. DIGGS
Assistant United States Attorney

Plea Agreement/ - 12
United States v. Jonathan Love

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970