The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN M. LOVE, <br><br> Defendant. | NO. CR16-005BAT <br><br> GOVERNMENT'S SENTENCING MEMORANDUM |

Jonathan Love abused his position as an Assistant Chief Counsel for the Department of Homeland Security by fabricating a material document and submitting that document to an Immigration Court to effect the removal of an alien. For this conduct, he was charged with willful deprivation of rights under color of law. The government urges the Court to accept the parties' Plea Agreement and sentence the defendant to a prison term of thirty days to be followed by a one-year term of supervised release, including 100 hours of community service. The government also respectfully requests that the Court order that restitution be paid in the amount of twelve thousand dollars ($12,000.00).

**I.   PROCEDURAL HISTORY**

On January 15, 2016, the defendant pled guilty to a one-count information charging deprivation of constitutional rights under color of law, pursuant to

United States v. Jonathan M. Love
CR16-005BAT/- 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18 U.S.C. § 242. Dkt. No. 6. The Plea Agreement was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), and contained an agreed sentencing range of 0-90 days, under which the Court may accept the Plea Agreement, and an agreed joint recommendation of thirty (30) days. Plea Agreement ¶ 10. The Court has accepted the defendant's plea of guilty, but has not yet accepted the Plea Agreement. The defendant is currently released on bond.

## II.   FACTUAL BACKGROUND[1]

On May 6, 2009, at a Master Calendar Hearing, the defendant represented to an Immigration Judge that the A-File for the respondent in the hearing, I.L., contained a Form I-826 signed by I.L. in 2000 during a prior immigration contact. Plea Agreement ¶ 6(j). It is not clear whether the defendant knew the true form did not exist in the A-File at the time he made this statement, or whether he misspoke. At some point between July 2008 and May 11, 2009, the defendant fabricated a form to match his in-court statement. Mr. Love altered critical aspects of an I-826 Form from I.L.'s 2008 encounter with an ICE deportation officer, including the officer's name, signature, and, most critically, the date of the form, to appear as if I.L. had executed the form in 2000, as opposed to 2008. *Id.* ¶ 6(k). The impact of the form was clear to the defendant who used the fabricated form to argue – both in Immigration Court and on appeal before the Board of Immigration Appeals (BIA) – that I.L.'s requested relief of cancellation of removal was not available as a result of the signed I-826. *Id.* ¶ 6(l), (m), (p). In both forums, the argument was successful. Based on the forged form, I.L. was denied cancellation of removal by the Immigration Court, a decision which was initially upheld by the BIA in November 2011. *Id.* ¶ 6(n), (q).

I.L. hired a new attorney who discovered irregularities in the I-826, and filed a motion to re-open proceedings based on the forged I-826 on February 13, 2012. The defendant filed no response to the motion to reopen. The BIA granted I.L.'s motion to

---

[1] The factual background of defendant's position with DHS, the immigration removal proceeding of I.L., and the legal relevance of the Form I-826, as it related to I.L.'s argument for cancellation of removal, are outlined in the Plea Agreement and Presentence Report (PSR) and will not be repeated here. *See* Plea Agreement ¶ 6(a)-(i); PSR ¶¶ 7-11.

United States v. Jonathan M. Love
CR16-005BAT/- 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

re-open his removal proceeding on April 20, 2012 and remanded the proceeding to the Immigration Court. The Order from the BIA stated:

> The respondent has provided evidence indicating that the Notice of Rights and Request for Disposition (Form I-826) submitted by the DHS may not be a complete and accurate document representing the respondent's immigration record. Specially, the Form I-826 submitted by DHS contains anachronisms and other hallmarks which may suggest document tampering. Given the seriousness and particularly of the allegations, as well as the individual circumstances present in this case, we will reopen and remand for the Immigration Judge to conduct a full evidentiary hearing regarding the respondent's claim and requests for relief.

Defendant reported neither the allegation of a fraudulent document contained in the motion to reopen, nor the BIA's April 20, 2012 Order, to his supervisors at Office of Chief Counsel, ICE Office of Professional Responsibility, DHS Office of Inspector General, or to any other departmental agency responsible for investigating allegations of misconduct by DHS employees. *Id.* ¶ 6(r).

I.L's removal proceedings were scheduled for a Master Calendar Hearing in Immigration Court on October 30, 2012. At that hearing Mr. Love stated that the government would agree to the cancellation of removal relief sought. I.L.'s status was adjusted to lawful permanent resident on January 9, 2014.

### III. PLEA AGREEMENT AND ADVISORY GUIDELINES RANGE
#### A. Plea Agreement

The Plea Agreement in this case is unique. The U.S. Attorney's Office for this District rarely enters plea agreements pursuant to Rule 11(c)(1)(C) and limits their use to those cases presenting factual or other circumstances well outside the norm. The successful prosecution of this case presented significant factual challenges for the government. *See* Plea Agreement ¶ 6(s)-(v). For example, the investigation by the government into other removal hearings handled by Mr. Love revealed no evidence of similar wrongdoing. Additionally, a multitude of other ICE officials handled I.L.'s A-File during the relevant period. As part of the Plea Agreement, the defendant has

United States v. Jonathan M. Love
CR16-005BAT/- 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agreed to resign all bar memberships and not to seek readmission for ten years. *Id.* ¶ 12. In light of these considerations, the government submits that the Plea Agreement is a fair and just resolution of disturbing criminal conduct that balances the interests of the victim, the parties, and the public. We urge the Court to accept the agreement.

**B.   Advisory Guidelines Range**

The Probation Office has made the following Guideline calculations:

| Base Offense Level (USSG § 2H1.1(a)) | 6 |
|---|---|
| Enhancement because the defendant was a public official at the time of the offense (USSG § 2H1.1(b)(1)) | 6 |
| Acceptance of Responsibility (USSG § 3E1.1) | (2) |
| **Total Offense Level** | **10** |

The defendant has no criminal history points. As a result, the Probation Office has determined that the defendant's Guidelines range for imprisonment is 6-12 months. The government agrees this is the correct Guidelines range. The maximum term that may be imposed is 12 months. 18 U.S.C. § 242. In the Plea Agreement the parties agreed to recommend sentence of thirty (30) days. Plea Agreement ¶ 10.

## IV.   SENTENCING RECOMMENDATION

The government recommends a sentence of thirty (30) days' imprisonment, to be followed by one (1) year of supervised release. This Court is required to consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a) ("3553(a) factors"). *United States v. Booker*, 125 S. Ct. 738 (2005). Certain of the 3553(a) factors are discussed in more detail below.

### 1.   Nature and Circumstances of the Offense

Defendant made a critical, and criminal, series of decisions when he fabricated a key document, submitted that document to an Immigration Judge, and then relied on the

United States v. Jonathan M. Love
CR16-005BAT/- 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

document to preclude relief to I.L. Defendant relied on the fraudulent document again on appeal. Plea Agreement ¶ 6(p).

Defendant's crime had an actual victim and that should not be overlooked. I.L. was subjected to immigration proceedings based on a false document. He faced a government attorney who, for whatever reason, did not play fair. The defendant's submission of a forged I-826 resulted in extra legal fees, and undoubtedly, stress for I.L. and his family. Ultimately, I.L. was granted status as a non-resident alien in 2014. But, without question, the defendant's submission of, and reliance upon, a forged form delayed and obfuscated that ultimate result. Respondents facing DHS attorneys in United States Immigration Courts have a Due Process right to proceedings free from false and fabricated evidence knowingly presented against them. When that right is denied, a real harm is inflicted both on society, which loses faith that its government plays fair, and the individual who suffers directly.[2]

### 2. Defendant's Personal Characteristics

Defendant experienced a happy childhood during which he succeeded in school and sports. He built upon this foundation with has a long history of professional success as a government attorney. He has no criminal convictions.

Mr. Love suffers from anxiety and chronic depression. *See* PSR ¶¶ 59-63. This is not cited as a mitigating factor or explanation for his criminal choices, but it does suggest that the defendant's road forward will be complicated by more than just his conviction and sentence.

### 3. Other Sentencing Factors

A sentence of imprisonment reflects the seriousness of this offense. In evaluating the impact of the requested sentence, the Court should not only consider the fact that a lifetime government attorney who spent more than a decade prosecuting criminal law

---

[2] I.L. will ask to address the Court at sentencing. The government has arranged to provide an interpreter as necessary.

United States v. Jonathan M. Love
CR16-005BAT/- 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

violations, and another fifteen years enforcing the United States' immigration laws will be sentenced to prison, but additionally that this prosecution and conviction have cost the defendant his job, his profession, and, to a large degree, his reputation. When the constraints of supervised release are behind him the defendant will be a sixty-year-old man, essentially starting over professionally. This prosecution and the parties' requested sentence will have a lasting impact on the defendant's life and livelihood. The government further submits that the recommended sentence, in conjunction with the agreement not to re-apply to the bar for 10 years, protects the public from any future harm and assures that adequate deterrence is achieved.[3]

## V.   RESTITUTION

The parties agree that restitution is due to I.L. in the amount of twelve thousand dollars ($12,000.00). This represents the approximate amount of legal fees paid by I.L. related to his removal proceeding between May 6, 2009 (date of Mr. Love's statement about 2000 Form I-826), and April 20, 2012 (date of the BIA's order to remand the case to Immigration Court). The government understands there is no objection from the defendant to this proposed order of restitution.

## VI.   CRIMINAL FINE

Probation does not recommend a fine in light of the defendant's current financial condition. *See* Probation Recommendation, at 4. The government is also not seeking a fine in this matter. The defendant does have some retirement assets and will receive a government pension (*see* PSR ¶¶ 73-75). On the other hand, at age fifty-eight he is now prohibited from working in the only employment he has ever known, for at least ten years. After that time, his most robust money-making years will likely be behind him. He is divorced and supports two school-aged children. PSR ¶ 73. He has significant

---

[3] Of course, the 10-year prohibition on practicing law is the baseline imposed in connection with the Plea Agreement. Any practice of law beyond that point will require re-application to a bar association and admission following an investigation of the defendant's character and fitness.

United States v. Jonathan M. Love
CR16-005BAT/- 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

legal fees related to this offense and the corresponding civil litigation, and he will have a restitution obligation. For these reasons the government is not seeking a criminal fine.

## VII. BOP PLACEMENT

The government will concur with any BOP placement recommendation made by the defendant.

## VIII. CONCLUSION

The government urges the Court to accept the parties' Plea Agreement. Based on the Plea Agreement, and the factors outlined above, the government recommends a custodial sentence of 30 days to be followed by a year of supervised release, including 100 hours of community service. The government also respectfully requests that the Court issue an order imposing restitution payable to I.L. in the amount of $12,000.

DATED this 13th day of April, 2016.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*/s/ Matthew D. Diggs*
MATTHEW D. DIGGS
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-2260
Fax:              (206) 553-2502
E-mail:         matthew.diggs@usdoj.gov

United States v. Jonathan M. Love
CR16-005BAT/- 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

/s/Anna Chang
ANNA CHANG
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone:  (206) 553-7970
Facsimile:   (206) 553-2502
E-mail:  Anna.Chang@usdoj.gov

United States v. Jonathan M. Love
CR16-005BAT/- 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970